**Ibrahim BAH, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–1574–ag.**

United States Court of Appeals, Second Circuit.

Jan. 3, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

Bibiana C. Andrade, Franklin Square, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Jason Xavier Hamilton, Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Present: ROGER J. MINER, ROBERT D. SACK and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ibrahim Bah seeks review of a March 19, 2007 order of the BIA, affirm-ing the July 15, 2005 decision of Immigration Judge ("IJ") George T. Chew, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ibrahim Bah,* No. A79 287 641 (B.I.A. Mar. 19, 2007) *aff'g* No. A79 287 641 (Immig. Ct. N.Y. City July 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, the government is correct that Bah did not challenge all of the IJ's findings in his appeal to the BIA. Nevertheless, because the BIA discussed and affirmed many of those findings, any failure to exhaust the issues addressed by the BIA is excused. *Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1994). However, we decline to review the arguments Bah raises before this Court that were neither raised before the BIA nor addressed by it.[2] *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). We also deem waived any challenge to the agency's pretermission of Bah's application for asylum. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *See Jigme Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003). the agency's factual findings, including adverse determinations, under the substantial evidence standard, treating them

---

2. For example, Bah argues for the first time that he was denied a full and fair hearing because the report by the Department of Homeland Security's Forensic Document Laboratory was not properly served on him or the court. We decline to consider such unexhausted arguments.

**354**

as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc).

In considering the agency's adverse credibility finding with respect to Bah's claims for withholding of removal and CAT relief, we find that the agency's decision is supported by substantial evidence. The agency reasonably relied on *Matter of O–D–*, 21 I. & N. Dec. 1079 (B.I.A.1998), in finding that Bah's submission of false documents indicated a lack of credibility, especially in light of the fact that Bah presented no other corroborating evidence. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007) (discussing the maxim of *falsus in uno, falsus in omnibus* (false in one thing, false in everything)); *Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir. 2006) (same). Moreover, none of the limitations to the maxim of *falsus in uno* discussed in *Siewe* are implicated in this case. *See Siewe*, 480 F.3d at 170.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).